Hornblower, C. J.
It is not easy, perhaps, not possible, to reconcile the cases that have been cited at the bar, nr>on the *325 question involved in this cause. But I think there is a principle of law, lying at the foundation of this subject, an attention to which will remove all difficulty. It is this; that a deed must be such, upon the face of it. Whether, a deed, or not, can never depend upon evidence in pais or dehors the instrument. Whether an instrument of writing, is a deed and whether it is the deed of A or B, are distinct, and very different questions. The former is a question of law, for the decision of the Court; the latter, a question of fact, for the decision of a jury. The whole doctrine of the law, upon the subject of proferís, is based upon this principle.
In Doctor Seyfield’s case, 10 Cb. 92, it is said, that the reason why deeds must be shewn to the Court, is “ that to every deed, two things are requisite and necessary; the one, that it be sufficient in law, and that is called the legal part, because the judgment of that belongs to the Judges of the law; the other concerns matter of fad, to wit, if it be sealed and delivered ” (by the party) as a deed; and the trial thereof belongs to the country. And therefore every deed ought to approve itself, and to be proved by others: Co. Litt. 35. b.
Again, in Master v. Miller, 4. T. R. 339, Buller, Just: says, “ when there is a profert of a deed, the deed or profert must agree with that stated in the declaration, or the plaintiff fails.” But a profert of an instrument without a seal, will not support the allegation of a deed with a seal. The Court then must be able upon inspection, to see that the instrument shewn, is a deed and to declare it such, or else the profert, in this respect at least., is of no use. For of what use can a profert and inspection be, if the instrument when produced, may be of such doubtful and ambiguous character, that the Court cannot tell whether it is a simple contract or a deed, without first appealing to a jury to ascertain upon evidence in pais, whether it is or is not a deed.
The case of Austin’s administrator v. Whitlock’s executors, 1 Munf. R. 487, was exactly like the present, except that the writing in that case, concluded with the words “ witness my hand,” which words are omitted in the writing before us ; but the hiis testibus clause, was as in this case, simply “ witness present: ” the subscribing witness however was dead, but his hand writing had been fully admitted. The County Court, decided that *326 the instrument was sufficiently proved as a deed, to go to the jury — but that decision was reversed, upon appeal to the District Court} and that reversal unanimously, affirmed, in the Supreme Court of Appeals in Virginia, upon the ground, that the instrument, did not appear upon the face of it, to be a deed. A similar decision was made in Anderson v. Bullock, 4 Munf. R. 442 ; and see also Baird et. al. v. Blaigrove, 1 Wash. Virg. R. 170.
These cases all go upon the principle, that the question whether a writing, is a deed, or not a deed, is a question- of law, and not a question of fact to be settled by a jury: Whether it is, a deed, t.he Court must be able to determine, and must determine, upon inspection j but whether it is, the deed of the party; that is whether it was in fact signed, sealed and delivered by him, is a question of fact, to be left to the jury.
Judge Tucker, in the case just cited from 1 Munf. R. 487, after remarking, that a seal, is an essential part of a deed, goes on to shew, that a deed must appear to be such, on the face of it; and he seems to suppose, that it is absolutely necessary, that the fact of its being sealed by the obligor, ought to be somewhere stated on. the instrument, either in.the in cujus rei testimonium clause, or in .the Inis testibus. And .he argues .the necessity of this, from the danger that may. exist of affixing a spurious seál to an instrument, and thereby converting a mere parol contract, or it may be even,, a nudum pactum, into an obligation. ■ There is certainly an.open door for fraudulent, practices, in allowing a contrary doctrine, and permitting instruments to be set up as deeds,, which do not profess upon the face of them to have been sealed,.merely because there is now a seal affixed to them. But I.cannot for this reason, go so far as to say, that a sealed instrument cannot be a deed, because, it does not-upon - the face of it shew that it was inténded to be sealed. Besides,-the authorities are against, this. In Godda/rd’s case, .2 Co. 5. it is-expressly said, that it is not necessary, that the, sealing and delivery, be mentioned, in the writing. And see Go. IAtt, 7 a ; Dyer, 19, Pl. 113. It was so held too, by the.-Supreme-Court of Pennsylvania, in Long v. Ramsay, 1 Serg. and Rawle, 72; and again by Tilghman, Chief Justice, in Taylor v. Glasor, 2 Serg. and Rawle, 502, 504. But in Long v. Ramsay, 1 S. and R. 72, the Supreme *327 Court of Pennsylvania, went further, I believe than this Court has ever gone, and certainly further than I feel authorized to go. In that case it did not appear by the face of the instrument that it was sealed and'delivered as a deed, and the seal, if any, was only by the flourish of a pen : Yet the Court held that upon mere proof of the hand writing of the defendant, the jury might presume, that it had been sealed and delivered as a deed, by the party. In the other case, that of Taylor v. Glasar, 2 Serg, and R. 502, however, the'Chief Justice distinctly avowed and acted upon the principle, that the Court, were to judge and determine upon inspection, whether an instrument is a deed or not. And although in the close of the writing, it was said, that the parties had set thereto, their hands and seals, yet as there were no seals in fact, and only a flourish, such as is common to a signature, the Court pronounced it no deed.
In this decision, I think the Court was right, and I go somewhat further, and lay it down, as a legal proposition, that if an instrument, supposing it to be genuine, does not upon inspection, appear to be a deed, so that the Court can judicially pronounce it such, prima facie at least, it cannot be made a deed, by evidence, dehors the instrument. It May and must be. shewn, by evidence, in pais, to be the deed of the party; but as to the question, whether a deedl, or only a simple contract, the instrument must speak for itself. It must upon inspection, appear to be a sealed instrument, or the Court cannot recognize it as such. I speak now in reference to cases in which the instrument is pleaded as a perfect, existing deed, and proferí in curia, made thereof, as such.
Can the Court upon inspection of the instrument in this case, declare it to be a deed ? We can only say if the scroll at the end of the name, was put there by the malcer, and “ by way of a seal,” then it is a deed; otherwise it is not. But how shall the Court deal with the instrument while in this state of uncertainty. If not a deed, then six years is a bar; if a deed, then sixteen years. If a man should declare on a mere note, as a deed, shall we hold the defendant to the plea of non est factum; or to a plea, of sixteen years, under the statute of limitations ? And then wait to see, whether upon the trial, the instrument turns out to be a deed or a simple contract ? I apprehend not. *328 The Court must control the pleadings, and see that they are adapted to the instrument declared on.
A seal, according to Ld. Golee, (3 Inst. 169,) is wax with an impression. By our statute, (Rev. Laws, 305,) “ a scroll, or ink or other device,” in certain cases, are made of the same force, as a wax seal, if the same has been affixed, “ by way of seal.” If then an instrument is shewn to us, with a seal in fact, that is, with wafer, or wax affixed to it, the law pronounces it, a deed, and that, whether any thing is said in the instrument about a seal or not. It is pronounoed, a deed, because it has an actual seal on it. But when a writing is shewn to us, with only a scroll or the flourish of a pen at the end of or under the name, we cannot declare it a deed, unless it appears (o the Court, that the scroll or flourish, was designed for and put there “ by way of seal.” When therefore, a writing with nothing but a blot, or scroll, or flourish after the name, is shewn in Court, we are bound to consider and treat it, as a simple contract only, unless it appears by the writing itself or by the Mis test ¿bus clause, that the party making it, intended to do so under his hand and seal. By such a course we shall give full effect to the statute, without impairing and distracting the law of deeds. And we shall avoid the dangers, so justly apprehended by this Court, in Newbold v. Lamb, 2 South. R. 449, and by the Supreme Court of Appeals of Virginia, in 1 Munf. R. 487, of converting a simple into a special contract, by the unauthorized or accidental addition of a scroll or flourish to the signature. And what is a relief to my mind, we shall not come into conflict so far as I can find, with any adjudged case in this Court.
On the contrary, I consider the case of Newbold v. Lamb, 2 South. 449, as directly in point, and in fact as settling this cause; so much so, that I should have been content to have rested my judgment upon it, if we had not been requested at the bar to put this matter at rest, by declaring the whole law on the subject. In that case, the writing, as in this, purported to be a mere promissory note, and nothing was said, in or about the instrument, of signing and sealing. The subscribing witness was dead, and upon proof of that fact, and of his hand writing, the Court below left it to the jury, to presume that the scroll was intended for a seal; and they found for the plaintiff. Chief Justice *329 Kirkpatrick, who delivered the opinion of the Court, very justly remarks, “ that the only reason, why the proof of the hand writing of the subscribing witness, is taken as sufficient proof of the execution of a deed, is founded upon the presumption that what an honest man hath attested under his hand, is true: that when he says, the instrument was sealed and delivered in his presence, the presumption is, that it was so sealed and delivered. But when the instrument itself doth not in the body of it, purport to be a sealed instrument; when it is not in the form of a bill, bond or other obligation, and when the attestation says nothing about the sealing and delivery, the presumption fails.” It is true, this case does not decide, that the instrument might not have been established as a deed, by direct prooij that the scroll was affixed, as a seal by the maker; but neither does it affirm that it might be so established — at all events it rules this case ; for this absent marksman, like the dead witness in that case, may be made to prove, by his absence, what he would not if he was present.
In Force v. Craig, 2 Halst. 272, there was no subscribing witness, but the instrument concluded with the words “ witness my hand and seal,” and there was a flourish under the signature; and upon proof of the hand writing of the maker, it was submitted to the jury to say whether the flourish had not been added by way of seal. Or rather, the Court held it to be sufficient proof of signing and sealing. Although this case is not easily reconciled with that of Taylor v. Glasor, in 2 S. and R. 502; yet it is not at variance with the doctrine I have stated.
My opinion therefore is that the writing is not upon the face of it, a deed. The omission however to produce, or account for the absence of the attesting witness, is fatal to the judgment. And it must therefore be reversed.
Fobd, J.
Yan Note filed a state of demand in the Court for trial of small causes, wherein he declared on a note for the payment of money, made to him by Corlies the defendant; for which, the justice rendered judgment. To the defendant’s name he had affixed a scroll or flourish with the pen, which scroll or flourish his counsel alleges was a seal, under the statute; so that there *330 was no evidence whatever of a note ; and for this variance between the demand and evidence, he prays a reversal. But as neither the instrument, nor the attestation, make mention of any seal, nor refer to one, my opinion is that it is a note only, not a sealed bill or deed, and that the justice in this respect, was right. The statute enacts “ That any instrumen t for the payment of money, to which a person making the same shall affix a scroll, or ink, or other device, by way of seal, shall be taken and adjudged to be of the same force and obligation, as if it were actually sealed with wax.” Rev. Laws, 305, seo. 1. Some judges have suggested that perhaps witnesses might be allowed to prove that the scroll was intended for a seal; but I can find no color or authority for this, either in the words of the statute, or in the common law. The evidence of its being “ affixed by way of seal,” must, in my opinion, be found in the instrument itself. It must appear to the Court by inspection to be a deed, or they cannot admit it to be such. Whether the seal was put to the instrument at the time it was made, or put there afterward in a fraudulent manner, are questions of fact for a jury; but what is a seal, is a question of law, for the Court, to be decided by inspection.
Those who sue upon deeds are bound to produce them in Court by a profert, because, as stated in Bacon, “ It is the proper office of the Court to see that they are duly executed.” So in Gould’s Pleading. “ The practical use of a profert in pleading appears to be, that it enables the Court to inspect the instrument pleaded, the construction and legal effect of which, are matter of law.” Gould’s Rlead. 438, sec. 33. It must appear on the face of it to be a deed, or the Court cannot admit it to be such. It must purport to be a deed, by saying it is a seal; as “ witness my hand and seal,” or the like; or by reference to a seal in the attestation, as “ sealed and delivered ” or the like; for the statute does not dispense with a profert to the court, nor with the Court’s office to see that it is a deed; nor does it transfer this office to a jury. The common law in these respects is not repealed by any clause in the statute, either by express words, or by implication. Suppose a witness should give his opinion, under oath, that the mark was affixed there by way of seal, his opinion could not make it a seal, and if he swore that the maker said it was his seal, it would be no better, for two reasons; it would then be a *331 deed, or no deed, not according to the instrument itself, but according to the frail memory of a witness; but what is more decisive, a man could then make a deed by word of mouth, whereas by law it must be written or printed, 2 IU. Com. 297. The only way to “ affix a scroll, or ink, or other device, by way of seal” is by writing; “witness my hand and seal,” or “sealed and delivered,” or something to that effect in the instrument itself, which then.becomes a deed in writing, instead of being by word of mouth. It then becomes on its face a deed, in writing, of which there can be a profert,, and of which the Court can form an opinion by inspection, according to the principles of law. Suppose to an action upon such an instrument as the present, the defendant should demur specially, for want of a profert, how could that demurrer be ever settled without inspection, one way or the other ? Whether it be a deed or not, is certainly a question of law, to be settled by the Court, and they could decide it only by seeing the instrument. It appears to me that this Court has refused to recognize any writing as a deed, on the ground of its having a scroll, unless it purport, on the faee of it, to be sealed, in the ease of Newbold v. Lamb, 2 South. Rep. 449; and upon the foregoing reasons, and the strength of that case, I consider the present instrument to be only a note; and there being no variance between the note in the state ®f demand, and that given in evidence, the reason assigned for a reversal in this respect, is not sustained.
The next reason however appears to be fatal to the judgment. There was a subscribing witness to the note, yet the Court allowed other proof of the execution of it, without any evidence that the subscribing witness was dead, or out of the jurisdiction of the state, or otherwise disqualified to give evidence. “ If there be a subscribing witness who is living, and'in a situation to.be examined, he alone is competent to prove the execution.” Peak’s Ibid. 97 and the cases there cited. The justice ought to have demanded evidence that the. subscribing witness was out of the state. He says he knew it of his own knowledge. But he was not sworn in the cause, and therefore no evidence was given under oath of the fact; nor could he be sworn. Ho one could administer an oath to him in his Court but himself, and he could not swear himself to give evidence to himself ; nor *332 would it have been lawful to cross-examine him, or call witnesses to discredit him in his own Court. Every consideration shews he acted herein by mistake; and the judgment must be reversed.
Ryerson, J.
This judgment must be reversed on the second objection; the admission of secondary evidence to prove the execution of the instrument, without first producing or properly accounting for the instrumental witness. The Justice could not legally act on his own personal knowledge of a fact, but only on such facts as were proved to him, by competent evidence.
But I do not think the other objection well taken. The instrument in question, cannot be regarded as a sealed instrument, possessing the solemnity of a deed. The Court on inspection are to judge of the sufficiency of a deed, to bind the party. For that purpose is theprofert, the bringing into Court, that they may inspect it. Coke Litt. 225; 2, Blk. Com: 297-8; 1 Chit. PI, 349. The sound principle I take to be, that there shall be enough on the face of the instrument, to show the Court, if all be true, that the party meant to be held and bound, as by a deed. “ A deed is a writing sealed and delivered,” 2, Bl. Com. 295. This is not apparent to the Court on the production of this instrument. It does not purport to have been sealed. It lacks that regular and orderly part of a deed, a proper conclusion. 2, Bl. Com. 304; and in point of fact is not sealed. It is true, our statute, R. Laws, 305, gives in some cases, the force of a seal, to “ a scroll, ink, or other device, affixed by way of a seal.” But that it was so affixed, ought to appear, at least prima facie, by mere inspection, and be determinable by the Court. This doctrine was once carried so far, that the Cbwi determined against the validity of a deed, from erasure, or interlineation, not noted. 2, Bl. Com. 308-9; Coke Lit. 225, h. Shep. Touch. 69. And although this rule has been so far relaxed, as to leave it to the jury, to determine, whether the alteration was made before, or after delivery; yet this relaxation ought not to extend to a vital part of the deed — that which is of its very essence. The Court by bare inspection, ought to be able to settle the force and operation of an instrument. This they can never do, unless they can tell by inspection merely, whether *333 it is to operate, if operation it hath any, as a deed, or as a parol contract.

Judgment reversed.